# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN HOCKETT, | Case No.: |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT, | |
| Defendant. | |

## COMPLAINT

KAREN HOCKETT ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Pittsburgh, Pennsylvania 15210.

7. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in May or June of 2015, Defendant began to contact Plaintiff by calling her cellular telephone multiple times per day.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

14. The automated calls began with a delay before speaking to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an account balance.

16. Plaintiff spoke with Defendant in June or July 2015 and revoked any consent that Defendant may have had to contact her.

17. Defendant proceeded to ignore Plaintiff's revocation and continued to call her cellular telephone number through January or February of 2016.

18. Once Defendant was aware that its calls were unwanted in June or July 2015, its continued calls could have served no purpose other than harassment.

19. After Plaintiff's repeated requests to stop the calls were ignored by Defendant, she was forced to block calls from Defendant's phone numbers.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff, on and after June or July 2015, were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, KAREN HOCKETT, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

      b.      Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.      Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

      e.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KAREN HOCKETT, demands a jury trial in this case.

Respectfully submitted,

DATED: April 22, 2016

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: kimmel@creditlaw.com
Attorney for Plaintiff